## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SCIENTIFIC TELECOMMUNICATIONS LLC** | |
| **Plaintiff,** | **Civil Action No. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **BROCADE COMMUNICATIONS SYSTEMS, INC.** | |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Scientific Telecommunications LLC, files this complaint for patent infringement against Defendant Brocade Communications Systems, Inc. ("Brocade"):

## THE PARTIES

1.     Plaintiff Scientific Telecommunications LLC ("SciTel") is a Delaware limited liability company with its principal place of business located at 913 N. Market St., Suite 200, Wilmington, Delaware 19801.

2.     On information and belief, Defendant Brocade Communications Systems, Inc. ("Brocade") is a Delaware corporation with its principal place of business located at 130 Holger Way, San Jose, CA  95134.

## JURISDICTION

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.    On information and belief, Brocade is subject to this Court's jurisdiction because Brocade has, upon information and belief, transacted business in the District and in the State of Delaware.  Specifically, Brocade either directly and/or through intermediaries, upon information and belief, ships, distributes, offers for sale, and/or sells products and services in this District. Additionally, Brocade is a corporation organized and existing under the laws of the State of Delaware.  Brocade thus has, upon information and belief, minimum contacts with this District and State, has purposefully availed itself of the privileges of conducting business in this District and State, regularly conducts and solicits business within the State of Delaware, and has committed acts of patent infringement in this District and State.

5.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## COUNT I

### (Infringement of U.S. Patent No. 6,058,429)

6.    SciTel incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

7.    On May 2, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,058,429 ("the '429 patent"), entitled "Method and Apparatus for Forwarding Traffic Between Locality Attached Networks Using Level 3 Addressing Information," to Steve Ames, Jan Bialkowski, Donal Byrne, and Dennis Cave, who assigned their rights and interests in the '429 patent to Bay Networks, Inc.  A true and correct copy of the '429 patent is attached as Exhibit A.

8.    SciTel is the assignee of the '429 patent and has the legal right to enforce rights under the '429 patent, sue for infringement, and seek all available relief and damages.

9.      Upon information and belief, Brocade is infringing and has infringed (literally and/or under the doctrine of equivalents) the '429 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling infringing products, including network switches.  Brocade's network switches includes a first set of ports connecting to a set of virtual local area networks and a second set of ports connecting to a router.  The devices that belong to the virtual local area networks in the set of virtual local area networks communicate with the router by transmitting packets through Brocade's network switches.  Brocade's network switches includes a learning mechanism that inspects control packets sent between the router and the devices.  The learning mechanism of Brocade's network switches store association data that indicates a correspondence between data link layer addresses, network layer addresses, and the first set of ports based on information contained in the control packets.  Brocade's network switches use the association data to forward traffic between locally attached virtual local area networks.  Brocade's network switches thus operate according to the limitations of one or more claims the '429 patent.  Brocade's infringing devices include, without limitation, the FastIron Ethernet Switch.

10.      Brocade has knowledge of the '429 patent due to, among other facts, the fact that Brocade was, on information and belief, previously a licensee of the '429 patent.  In 2008, Foundry Networks, Inc. ("Foundry") was acquired by Brocade.  Prior to the acquisition, Foundry was the subject of an infringement lawsuit by a prior owner of the '429 patent asserting infringement of various patents including the '429 patent by Foundry.  On information and belief, Foundry entered into a license agreement that included a license to the '429 patent and other patents for a limited term of years.  On information and belief, that license was still in effect at the time Brocade acquired Foundry and would have been the subject of Brocade's

diligence in acquiring Foundry.  After the acquisition of Foundry, Brocade continued to sell the products accused of infringement in the prior lawsuit that were the subject of the license.  The license to the '429 patent and other patents expired, but since its expiration, Brocade has continued to sell products infringing the '429 patent.  Brocade has also obtained knowledge of the '429 patent through pre-suit discussions of potential licensing of the patent.

11.     Upon information and belief, Brocade takes active steps to induce its customers to infringe the '429 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, including, upon information and belief, by, among other things, instructing, directing, or otherwise encouraging its customers to use Brocade's network switches in an infringing manner.  For example, on information and belief, Brocade provides instructions, design guides, and similar directions to its customers, including without limitation information provided at its Internet site, www.brocade.com, to operate and configure Brocade's products to infringe the '429 patent.

12.     Brocade committed these acts of infringement without license or authorization.

13.     Brocade undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '429 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of its acquisition of Foundry and expiration of its license, Brocade has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '429 patent and that the '429 patent is valid.  Despite that knowledge, on information and belief, Brocade has continued its infringing activities.  As such, Brocade willfully infringed the '429 patent.

14.     As a result of Brocade's infringement of the '429 patent, SciTel has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Brocade's infringing activities are enjoined by this Court.

15.     SciTel has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Brocade, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '429 patent.

## COUNT II

### (Infringement of U.S. Patent No. 7,222,188)

16.     SciTel incorporates and realleges the allegations of paragraphs 1-15 as if fully set forth herein.

17.     On May 22, 2007, the USPTO duly and legally issued U.S. Patent No. 7,222,188 ("the '188 patent"), entitled "Method and Apparatus for Forwarding Traffic Between Locality Attached Networks Using Level 3 Addressing Information," to Steve Ames, Jan Bialkowski, Donal Byrne, and Dennis Cave, who assigned their rights and interests in the '188 patent to Nortel Networks Limited.  A true and correct copy of the '188 patent is attached as Exhibit B.

18.     SciTel is the assignee of the '188 patent and has the legal right to enforce rights under the '188 patent, sue for infringement, and seek all available relief and damages.

19.     Upon information and belief, Brocade is infringing and has infringed (literally and/or under the doctrine of equivalents) the '188 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling infringing products, including network switches.  Brocade's network switches include a plurality of ports for coupling at least three virtual local area networks.  At least one at least one of the

5

plurality of ports is directly coupled to a router so that there are no interceding devices or local area networks between the network switches and the router.  Brocade's network switches include a mechanism to analyze information transferred from a source device of a first virtual local area network to a destination device of a second virtual local area network and store information identifying a port coupled to the second virtual local area network, a layer two (L2) address of the destination device and a layer three (L3) address of the destination device corresponding to the L2 address.  Brocade's network switches use the information to forward data between the plurality of virtual local area networks.  The stored information in Brocade's network switches form a table that is populated based on prior communications with the router.  Brocade's network switches thus operate according to the limitations of one or more claims the '188 patent. Brocade's infringing devices include, without limitation, the FastIron Ethernet Switch.

20.     Brocade has knowledge of the '188 patent due to, among other facts, the fact that Brocade was, on information and belief, previously a licensee of the '188 patent.  In 2008, Foundry Networks, Inc. ("Foundry") was acquired by Brocade.  Prior to the acquisition, Foundry was the subject of an infringement lawsuit by a prior owner of the '188 patent asserting infringement of various patents including the '429 patent by Foundry.  On information and belief, Foundry entered into a license agreement that included a license to the '188 patent and other patents for a limited term of years.  On information and belief, that license was still in effect at the time Brocade acquired Foundry and would have been the subject of Brocade's diligence in acquiring Foundry.  After the acquisition of Foundry, Brocade continued to sell the products accused of infringement in the prior lawsuit that were the subject of the license.  The license to the '188 patent and other patents expired, but since its expiration, Brocade has

continued to sell products infringing the '188 patent.  Brocade has also obtained knowledge of the '188 patent through pre-suit discussions of potential licensing of the patent.

21.     Upon information and belief, Brocade takes active steps to induce its customers to infringe the '188 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, including, upon information and belief, by, among other things, instructing, directing, or otherwise encouraging its customers to use Brocade's network switches in an infringing manner.  For example, on information and belief, Brocade provides instructions, design guides, and similar directions to its customers, including without limitation information provided at its Internet site, www.brocade.com, to operate and configure Brocade's products to infringe the '188 patent.

22.     Brocade committed these acts of infringement without license or authorization.

23.     Brocade undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '188 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of its acquisition of Foundry and expiration of its license, Brocade has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '188 patent and that the '188 patent is valid.  Despite that knowledge, on information and belief, Brocade has continued its infringing activities.  As such, Brocade willfully infringed the '188 patent.

24.     As a result of Brocade's infringement of the '188 patent, SciTel has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Brocade's infringing activities are enjoined by this Court.

25.     SciTel has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Brocade, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '188 patent.

## COUNT III

### (Infringement of U.S. Patent No. 6,546,424)

26.     SciTel incorporates and realleges the allegations of paragraphs 1-25 as if fully set forth herein.

27.     On April 8, 2003, the USPTO duly and legally issued U.S. Patent No.  6,546,424 ("the '424 patent"), entitled "Apparatus and Method for Analyzing the Effect of Adding a User Group to a Computer Network," to Joan Cucchiara, who assigned her rights and interests in the '424 patent to Nortel Networks Limited.  A true and correct copy of the '424 patent is attached as Exhibit C.

28.     SciTel is the assignee of the '424 patent and has the legal right to enforce rights under the '424 patent, sue for infringement, and seek all available relief and damages.

29.     Upon information and belief, Brocade is infringing and has infringed (literally and/or under the doctrine of equivalents) the '424 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling infringing products, including a computer program product that operates according to the limitations of one or more claims the '424 patent.  Brocade's computer program product includes program code for monitoring data flow in the network over a selected time interval to produce network characteristic flow data.  Brocade's computer program product further includes program code for combining the group minimum network characteristic data with the network

characteristic flow data to produce combined network characteristic data.  Brocade's computer program product further includes program code for producing a reconfiguration message if the combined network characteristic data is not compatible with the maximum network characteristic of the network, the reconfiguration message providing information relating to reconfiguring the network to facilitate the addition of the user group to the network.  Brocade's computer program product further includes program code for reconfiguring the network to comply with the reconfiguration message.  Brocade's computer program product further includes program code for producing an approval message if the combined network characteristic data is compatible with the maximum network characteristic of the network, the approval message indicating that the user group may be added to the network and maintain at least the user group minimum network characteristic requirement.  Brocade's computer program product is used in a network that includes at least one existing user group, each existing user group having an existing user group network characteristic minimum, the approval message indicating that the user group may be added to the network without affecting the existing user group network characteristic minimum of any of the existing user groups.  Brocade's computer program product thus operates according to the limitations of one or more claims the '424 patent.  Brocade's infringing products include, without limitation, the Brocade Data Center Fabric Manager and control software for Brocade OpenFlow switches.

30.    Brocade has knowledge of the '424 patent due to, among other facts, the fact that Brocade was, on information and belief, previously a licensee of the '424 patent.  In 2008, Foundry Networks, Inc. ("Foundry") was acquired by Brocade.  Prior to the acquisition, Foundry was the subject of an infringement lawsuit by a prior owner of the '424 patent asserting infringement of various patents including the '429 patent by Foundry.  On information and

belief, Foundry entered into a license agreement that included a license to the '424 patent and other patents for a limited term of years. On information and belief, that license was still in effect at the time Brocade acquired Foundry and would have been the subject of Brocade's diligence in acquiring Foundry. After the acquisition of Foundry, Brocade continued to sell the products accused of infringement in the prior lawsuit that were the subject of the license. The license to the '424 patent and other patents expired, but since its expiration, Brocade has continued to sell products infringing the '424 patent. Brocade has also obtained knowledge of the '424 patent through pre-suit discussions of potential licensing of the patent.

31. Upon information and belief, Brocade takes active steps to induce its customers to infringe the '424 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, including, upon information and belief, by, among other things, instructing, directing, or otherwise encouraging its customers to use Brocade's network switches in an infringing manner. For example, on information and belief, Brocade provides instructions, design guides, and similar directions to its customers, including without limitation information provided at its Internet site, www.brocade.com, to operate and configure Brocade's products to infringe the '424 patent.

32. Brocade committed these acts of infringement without license or authorization.

33. Brocade undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '424 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of its acquisition of Foundry and expiration of its license, Brocade has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of

the '424 patent and that the '424 patent is valid.  Despite that knowledge, on information and belief, Brocade has continued its infringing activities.  As such, Brocade willfully infringed the '424 patent.

34.    As a result of Brocade's infringement of the '424 patent, SciTel has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Brocade's infringing activities are enjoined by this Court.

35.    SciTel has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Brocade, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '424 patent.

## **DEMAND FOR JURY TRIAL**

Plaintiff SciTel, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

For the above reasons, SciTel respectfully requests that this Court grant the following relief in favor of SciTel and against Brocade:

(a)    A judgment in favor of SciTel that Brocade has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '429 patent, the '188 patent, and the '424 patent (collectively, "the Asserted Patents");

(b)    A judgment in favor of SciTel that Brocade has induced infringement (either literally or under the doctrine of equivalents) of one or more claims of the Asserted Patents;

(c)    A judgment in favor of SciTel that Brocade has willfully infringed the Asserted Patents;

11

(d)     A permanent injunction enjoining Brocade and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Brocade, from infringing the Asserted Patents;

(e)     A judgment and order requiring Brocade to pay SciTel its damages, costs, expenses, and pre-judgment and post-judgment interest for Brocade's infringement of the Asserted Patents;

(f)     A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

(g)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding SciTel its reasonable attorneys' fees; and

(h)     Any and all such other relief as the Court deems just and proper.

Dated:  October 23, 2014                          STAMOULIS & WEINBLATT LLC

                                                  /s/ Stamatios Stamoulis
                                                  Stamatios Stamoulis #4606
                                                    stamoulis@swdelaw.com
                                                  Richard C. Weinblatt #5080
                                                    weinblatt@swdelaw.com
                                                  Two Fox Point Centre
*Of Counsel:*                                     6 Denny Road, Suite 307
                                                  Wilmington, DE 19809
Larry C. Russ                                     Telephone: (302) 999-1540
Brian D. Ledahl
Stanley H. Thompson, Jr.                          *Attorneys for Plaintiff*
RUSS AUGUST & KABAT                                 *Scientific Telecommunications LLC*
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
(310) 826-7474
lruss@raklaw.com
bledahl@raklaw.com
sthompson@raklaw.com